UNITED STATES *v.* BERNARD, JUDAE & Co. (No. 1314).[1]

1. CERTAIN BEADED BRACELETS NOT TOYS.

These bead bracelets are cheap in material and construction, but they are intended for use by children as articles of personal adornment and are so used. They are not used in the sport or play of children and so are not toys.—Illfelder *v.* United States (1 Ct. Cust. Appls. 109; T. D. 31115).

United States Court of Customs Appeals, March 25, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33968 (T. D. 33833).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Leland N. Wood*, special attorney, on the brief), for the United States,

*Isidore Fried* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in the present appeal consists of certain bead bracelets, which were imported under the tariff act of 1909. The articles are of flimsy construction and are invoiced at only 6.25

---

[1] Reported in T. D. 34328 (26 Treas. Dec., 560).

kroner per gross. The appraiser reported them to be in chief value of beads and designed to be worn for personal adornment, mainly by children. They were returned for duty at 60 per cent ad valorem as articles in chief value of beads under paragraph 421, or alternatively as articles of personal adornment and jewelry under paragraph 448, the rate of duty being the same under both provisions. The importers duly filed their protest against this assessment, claiming the articles to be toys, dutiable as such at 35 per cent ad valorem under the provisions of paragraph 431 of the act. The protest was sustained by the Board of General Appraisers, and the Government now appeals from that decision of the board.

The present record contains no testimony of any kind, the case having been submitted to the board upon the official files and the samples alone. This court, therefore, is also limited to these sources of information concerning the merchandise involved in the case.

The bead bracelets in question are certainly very cheap and flimsy, both in materials and construction. Nevertheless, they are not designed as parts of a doll's outfit, but are intended for practical use by children as articles of personal adornment, and they are actually used for that purpose. This statement effectually removes the bracelets from classification as toys, for an article, however cheap, can not be a toy unless it enters in some manner into the sport or play of children. The definition of the term "toy" is fully set out in the decision of this court in the case of Illfelder *v.* United States (1 Ct. Cust. Appls., 109; T. D. 31115) relating to so-called sparklers, wherein Judge Smith, speaking for the court, said:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

The bracelets involved in the present case are certainly not playthings, but are simply cheap articles of personal adornment designed for actual use as such. Their cheapness, however, taken alone, does not entitle them to classification as toys, in view of the practical use to which they are actually put. It may be noted again that no testimony has been submitted in the case and that the question of commercial designation does not arise.

The decision of the board is therefore *reversed*.